**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jermaine Brand, ) | |
| ) | |
| Plaintiff, ) | Case No.: 21-cv-2147 |
| ) | |
| v. ) | |
| ) | |
| Lazer Spot, Inc., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES Plaintiff, Jermaine Brand ("Brand"), by and through his attorneys, and alleges the following against Defendant, Lazer Spot, Inc. ("Lazer Spot"):

**Jurisdiction, Parties, and Venue**

1. This case arises under the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, codified at 29 U.S.C. § 201, *et. seq.*

2. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Brand also brings claims under the Illinois Minimum Wage Law (the "IMWL"), codified at 820 ILCS 105/1, *et seq.*

4. This Court has supplemental jurisdiction over Brand's IMWL claims pursuant to 28 U.S.C. § 1367 because these claims are so related to his FLSA claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Brand is an Illinois citizen who resides in Shorewood, IL.

6. Brand was employed by Lazer Spot from April 2019 to February 2021 to work as a "spotter" (aka "yard hostler" or "yard jockey") at various yards/locations in Illinois. He

1

primarily worked at yards located in Joliet and Romeoville, but he occasionally worked at yards located in or around Chicago, Wilmington, University Park, Geneva, and the Aurora/Naperville area.

7. Lazer Spot is a Georgia corporation headquartered in Alpharetta, GA. It does extensive business in Illinois and provides yard management services for approximately 15 yards/locations in this district.

8. This Court has personal jurisdiction over Lazer Spot because it purposefully employed Brand to work at various yards/locations, all in northern Illinois, for which Lazer Spot provided yard management services, and then failed to pay him properly for that work under federal and Illinois law. This lawsuit arises out of that failure.

9. The Northern District of Illinois is the proper venue for this action because the events giving rise to Brand's claims occurred here, mainly in Joliet and Romeoville, but also in Chicago, Wilmington, University Park, Geneva, and the Aurora/Naperville area.

**Count I: FLSA Violations**

10. Brand restates paragraphs 1-9 as if fully alleged here.

11. The FLSA requires employers to pay employees one and one-half times their regular hourly wage for all hours worked beyond forty hours in a single week.

12. Lazer Spot was Brand's employer under the FLSA from April 2019 to February 2021.

13. During Brand's employment, Lazer Spot was covered by the FLSA because 1) it employed individuals engaged in commerce (for example, Lazer Spot's employees moved and shuttled goods that were being transported from one state to another) and 2) its annual gross revenue was $500,000 or more.

2

14. During his employment, Brand's duty was simply to move goods around the yard at which he was working using Lazer Spot's yard vehicles. These yard vehicles were not commercial motor vehicles, and Brand never drove a yard vehicle on a public road or highway.

15. During his employment, Brand did not drive a commercial motor vehicle (in fact, he did not have a commercial driver's license), did not ride on a commercial motor vehicle as a helper, was not involved in determining how to properly load/unload commercial motor vehicles or trailers, and did not perform mechanic or maintenance work on commercial motor vehicles or trailers.

16. During his employment, Brand often worked more than forty hours in a single week. Indeed, from April 7, 2019 to February 6, 2021, he worked *an average of* 55+ hours per week.

17. Lazer Spot knew that Brand was often working more than forty hours in a single week because 1) it asked him to do so and 2) it maintained payroll records showing how many hours Brand worked each week.

18. However, Lazer Spot did not pay Brand one and one-half times his regular hourly wage for all hours worked beyond forty hours in a single week. Instead, Lazer Spot paid him "straight-time" for hours worked beyond forty hours in a single week.

19. Lazer Spot violated the FLSA by failing to pay Brand one and one-half times his regular hourly wage for all hours worked beyond forty hours in a single week.

20. Lazer Spot's violations of the FLSA were willful. Indeed, Lazer Spot knew that Brand was not exempt from the FLSA's overtime pay requirements because it knew that he did not have a commercial driver's license (and thus could not and did not drive a commercial motor vehicle), did not ride on a commercial motor vehicle as a helper, was not involved in

3

determining how to properly load/unload commercial motor vehicles or trailers, and did not perform mechanic or maintenance work on commercial motor vehicles or trailers.

21. Lazer Spot's actions detailed in this Count were not taken in good faith, and Lazer Spot did not have reasonable grounds for believing that it was not violating the FLSA by failing to pay Brand overtime under the FLSA.

WHEREFORE, Plaintiff, Jermaine Brand, requests that Defendant, Lazer Spot, Inc., be held liable and that he be awarded all damages to which he is entitled, including but not limited to:

    a. unpaid overtime compensation;
    b. liquidated damages equal to his unpaid overtime compensation (or, alternatively, prejudgment interest on his unpaid overtime compensation);
    c. attorneys' fees;
    d. costs; and
    e. any other relief that the Court finds available and appropriate.

## COUNT II: IMWL Violations

22. Brand restates paragraphs 1-21 as if fully alleged here.

23. The IMWL requires employers to pay employees one and one-half times their regular hourly wage for all hours worked beyond forty hours in a single week.

24. Lazer Spot was Brand's employer under the IMWL from April 2019 to February 2021.

25. Brand's employment was covered under the IMWL from April 2019 to February 2021. He performed all his work for Lazer Spot within Illinois.

26. During his employment, Brand's duty was simply to move goods around the yard at which he was working using Lazer Spot's yard vehicles. These yard vehicles were not commercial motor vehicles, and Brand never drove a yard vehicle on a public road or highway.

27. During his employment, Brand did not drive a commercial motor vehicle (in fact, he did not have a commercial driver's license), did not ride on a commercial motor vehicle as a helper, was not involved in determining how to properly load/unload commercial motor vehicles or trailers, and did not perform mechanic or maintenance work on commercial motor vehicles or trailers.

28. As more fully detailed in Count I, Lazer Spot violated the IMWL by failing to pay Brand one and one-half times his regular hourly wage for all hours worked beyond forty hours in a single week.

WHEREFORE, Plaintiff, Jermaine Brand, requests that Defendant, Lazer Spot, Inc., be held liable and that he be awarded all damages to which he is entitled, including but not limited to:

      a. treble the amount of the underpayments;
      b. damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;
      c. reasonable attorneys' fees;
      d. costs; and
      e. any other relief that the Court finds available and appropriate.

## Jury Demand

Brand demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted by:

/s/ Steve Molitor

Steve Molitor
Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604

Phone: 312-697-0022
Fax: 312-697-0812
smolitor@julieherreralaw.com

Date: 4/21/2021